**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**DEC 8 1998**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

    Plaintiff-Appellee,

v.

RICHARD PAUL GIROLAMO,

    Defendant-Appellant.

No. 98-2101
(District of New Mexico)
(D.C. No. CR-97-178-JC)

**ORDER AND JUDGMENT**[*]

Before **BALDOCK**, **EBEL,** and **MURPHY**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1.9. The court therefore orders the case submitted without oral argument.

In March of 1997, a federal grand jury indicted Richard Paul Girolamo on four counts of being a felon in possession of a firearm in violation of 18 U.S.C.

---

[*]This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

§§ 922(g)(1) and 924(a)(2). In December of that same year, Girolamo entered into a plea agreement with the government wherein he agreed to plead guilty to Count IV of the indictment. In exchange for Girolamo's guilty plea to Count IV, the United States agreed to dismiss the remaining three counts of the indictment. The United States further stipulated that Girolamo had clearly demonstrated acceptance of personal responsibility for his criminal conduct and was, thus, entitled to a three-point downward adjustment in his base offense level pursuant to U.S.S.G. § 3E1.1.

Prior to sentencing, Girolamo moved for a downward departure on the following two grounds: (1) the conduct of the "victim" contributed significantly to provoking the offense behavior; and (2) he possessed the weapons in order to avoid a perceived greater harm. At the sentencing hearing, the district court refused to depart downward, noting as follows:

> I don't think that this case is one for a downward departure. Frankly, based on his criminal activity, this one where his criminal activity understates what his sentence should b, so it would be just the opposite, if I were going to – I would depart upward rather than downward.
> So I find I have the authority and jurisdiction to depart downward. I choose not to do so, and I adopt the findings of the probation department, as to all of his contested findings.

Accordingly, the district court sentenced Girolamo to a term of 105 months imprisonment to be followed by three years supervised release. The term imposed was within the range prescribed by the Sentencing Guidelines.

On March 31, 1998, Girolamo filed a timely *pro se* notice of appeal. On May 5th, Girolamo's counsel sent Girolamo a letter indicating that counsel had reviewed the record, believed the appeal was frivolous, and would file a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), seeking to withdraw. The letter also briefly apprized Girolamo of Girolamo's obligation to file a supplemental brief setting forth those issues he believed deserving of appellate review. On May 29th, counsel sent Girolamo a second letter, reiterating his intention to file an *Anders* brief and providing Girolamo with detailed instructions regarding the filing of a *pro se* supplemental brief.

After Girolamo's counsel filed his *Anders* brief in July of 1998, the Clerk of this court sent Girolamo a letter specifically informing him that he should file a supplemental *pro se* brief within thirty days indicating why Girolamo's conviction should be set aside. The letter further indicated as follows: "You do not have a right to another attorney unless this court finds, based upon your objections and the reasons for them, that your case requires further briefing or argument. If the court finds that your case requires further briefing or argument, an attorney will be appointed to handle your appeal." On September 18th, well after the deadline set forth in the Clerk's letter, Girolamo filed a Motion for Appointment of Counsel on Appeal and for Extension of Time. In his motion, Girolamo failed to address the merits of his appeal or to discuss whether the

appeal was frivolous. Instead, Girolamo simply stated in the most conclusory terms that his present counsel was biased and ineffective and that he needed new counsel to file a brief on his behalf. On September 21st, the Clerk of this court issued an Order providing that Girolamo's motion would be referred to the merits panel. The Order again informed Girolamo of his right to file a supplemental *pro se* brief and specifically noted that the court did not have before it any materials addressing the merits of Girolamo's appeal. The order indicated that Girolamo should file such a brief within fourteen days. Girolamo again failed to file a supplemental brief.

With this lengthy procedural history in mind, this appeal is before the court on counsel's *Anders* brief and motion to withdraw and Girolamo's belated motion for extension and appointment of counsel. Based on a rigorous review of the record, this court agrees with counsel that Girolamo's guilty plea was freely and voluntarily entered, his sentence of imprisonment was accurately calculated, and this appeal is frivolous. Accordingly, this court **DENIES** Girolamo's motion for extension and for appointment of counsel, **GRANTS** counsel's motion to withdraw, and **AFFIRMS** the judgment of conviction and sentence entered by the district court.

ENTERED FOR THE COURT:

-4-

Michael R. Murphy
Circuit Judge